IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CHRISTOPHER J. GROSS, )
 )
    Plaintiff, )
 )
VS. ) No. 13-1075-JDT/egb
 )
CORRECTIONS CORPORATION )
OF AMERICA, et al., )
 )
    Defendants. )

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiff Christopher Gross, an inmate, filed a pro se complaint pursuant to 42 U.S.C. § 1983. The court dismissed certain defendants and ordered service of process on Defendants Nurse Practitioner Graham-Doaks and Nurse Jones [DE# 5]. In the order of partial dismissal and order to serve process, the court stated as follows:

> It is further ORDERED that Plaintiff shall serve a copy of every further document filed in this cause on the attorneys for the defendants, or on any defendant if he or she has no attorney. Plaintiff shall make a certificate of service on every document filed. Plaintiff shall promptly notify the Clerk of any change of address or whereabouts. **Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.**

Order [DE# 5], 12/10/2013 at p. 7 (emphasis added).

Defendants have filed a motion for involuntary dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure on the ground that Plaintiff has not provided the

information that was the subject of the order granting the motion to compel on January 2, 2015. Plaintiff has not responded to the motion. For the reasons set forth below, Defendants' motion is GRANTED.

The order compelling discovery directed Plaintiff "to respond to the interrogatories, requests for production of documents and requests for admissions previously served on Plaintiff. His responses shall be post-marked no later than January 15, 2015." Order, 1/2/2015. Plaintiff was cautioned that the lawsuit might be dismissed if he failed to comply. Id. at p. 2. Defendants state that Plaintiff has failed to comply with that order.

Rule 41(b) confers on a district court the authority to dismiss a case "[i]f the plaintiff fails to prosecute or comply with these rules or a court order." Knoll v. AT&T, 176 F.3d 359, 362–63 (6th Cir. 1999). "The dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 736–38 (6th Cir. 2008) (internal citations omitted).

The Sixth Circuit has identified four factors that are considered in reviewing a court's dismissal for failure to prosecute: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Schafer, 529 F.3d at 737. "Although typically none of the factors is outcome dispositive ... a case is properly dismissed by the district court [when] there is a clear record of delay or

contumacious conduct." Knoll, 176 F.3d at 363.

In the present case, these factors militate in favor of granting Defendants' motion. Plaintiff has not engaged in discovery with Defendants; he did not respond to the motion to compel; he has not furnished the requisite information as ordered; and he did not respond to this motion. Defendants have been prejudiced by Plaintiff's conduct in that Defendants have "waste[d] time, money, and effort in pursuit of cooperation which [Plaintiff] was legally obligated to provide." Schafer, 529 F.3d at 737. And, finally Plaintiff was warned in both the order of partial dismissal (generally) and the order granting the motion to compel (specifically) that failing to comply could lead to the dismissal of the action.

Accordingly, Defendants' motion to dismiss is GRANTED. The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE