IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CHRISTOPHER J. GROSS, )
 )
    Plaintiff, )
 )
VS. ) No. 13-1075-JDT-egb
 )
CORRECTIONS CORPORATION OF )
AMERICA, ET AL., )
 )
    Defendants. )
 )

ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

The *pro se* prisoner Plaintiff, Christopher J. Gross, filed this action pursuant to 42U.S.C. § 1983 on February 27, 2013. (ECF No. 1.) On December 10, 2013, the Court partially dismissed the complaint and ordered that process be served on Defendants Tasma Graham-Doaks and Felicia Jones. (ECF No. 5.) An initial scheduling order was entered on February 26, 2014. (ECF No. 14.)

Defendants filed a motion to compel discovery on August 6, 2014, asserting that Plaintiff had been served with discovery requests on June 14, 2014, but had not provided any answers to those requests. (ECF No. 16.) When Plaintiff filed no response to the motion, U.S. Magistrate Judge Edward G. Bryant issued an order compelling discovery on January 2, 2015. (ECF No. 23.) Plaintiff was given until January 15, 2015, to mail his responses to

Defendants' discovery requests and warned that failure to comply could result in dismissal of the action. (*Id.* at 2.)

Plaintiff did not comply with the order compelling discovery, and Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) on January 29, 2015. (ECF No. 24.) Plaintiff again did not respond, and the Court granted the Defendants' motion to dismiss on March 10, 2015 (ECF No. 25); judgment was entered on March 11, 2015 (ECF No. 26). On November 23, 2015, more than eight months later, Plaintiff filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1). (ECF No. 29.) He contends that his lack of cooperation and communication in this case was the result of excusable neglect.

Under Rule 60(b) "the court may relieve a party . . . from a final judgment, order, or proceeding" due to "mistake, inadvertence, surprise, or excusable neglect." "Relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). For that reason, "the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Sataym Computer Servs., Ltd. v. Venture Global Eng'g, LLC*, 323 F. App'x 421, 427 (6th Cir. 2009) (quoting *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008)). A motion specifically based on subsection (b)(1) of Rule 60 is

> intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has

> acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order.

*Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000) (quoting *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999)).

Plaintiff asserts that in March 2014 he hired an attorney, Courtney Teasley, to represent him in this matter. The website of the Tennessee Board of Professional Responsibility ("TBPR") shows that Ms. Teasley is licensed to practice in Tennessee.[1] However, it appears the only thing Ms. Teasley may have done for Plaintiff was to request and receive his TDOC medical records in April 2014. (*See* ECF No. 29 at 3.) She made no formal appearance on his behalf in this matter, and there is no indication that either Plaintiff or Ms. Teasley ever notified Defendants' counsel that she had been hired to represent Plaintiff. The letters from Defendants' counsel concerning their discovery requests, dated June 11, 2014 and July 23, 2014, are addressed only to Plaintiff, not to Ms. Teasley. (ECF No. 16-2 at 1; ECF No. No. 16-3.) Likewise, the certificate of service on Defendants' motion to compel discovery states the motion was served only on Plaintiff (ECF No. 16 at 3), and the motion contains no indication that Defendants' counsel were aware that Plaintiff had an attorney. In September 2014, Ms. Teasley apparently notified Plaintiff that she could not represent him in this case because she was not admitted to the bar of this Court. (ECF No. 29 at 3.)

---

[1] *See* www.tbpr.org/for-the-public/online-attorney-directory. Plaintiff spells Ms. Teasley's last name "Teasly," but according to the TBPR website, the correct spelling is Teasley.

Plaintiff further explains that he was again incarcerated beginning in October 2014.[2] He appears to contend that lack of access to the prison law library prevented him from responding to the Defendants' discovery as well as the motion to dismiss after it was filed in January 2015. Attached to his motion is a copy of a grievance he filed on April 1, 2015, complaining that his requests to go to the law library or for other legal assistance had been ignored. (ECF No. 29-1 at 4-5.)

Plaintiff asserts that it is not his fault that he "chose poor counsel in this matter that could not practice law within the courts [sic] district."[3] He contends that Ms. Teasley's inaction, combined with his incarceration and lack of access to a law library, constitutes excusable neglect under Rule 60(b)(1) that warrants relief from the judgment in this case.

In determining whether there has been excusable neglect, the Court must take the performance of the client's attorney into account. *United States v. Reyes*, 307 F.3d 451, 456 (6th Cir. 2002). The rule can be harsh, but "clients must be held accountable for the acts and omissions of their attorneys." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396-97 (1993).

---

[2] Plaintiff was incarcerated when he filed this action in February 2013. On April 12, 2013, he notified the Court of his release and provided a new address. (ECF No. 4.) Although he now states that he was re-incarcerated in October 2014, Plaintiff did not so notify the Court until July 1, 2015. (ECF No. 27.)

[3] As stated, Ms. Teasley is licensed to practice law in Tennessee. That she was not admitted before this Court means only that she could not be counsel of record for Plaintiff in this particular case or file documents with the Court on his behalf without filling out the proper forms and paying the appropriate fee to the Clerk.

Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.' *Smith v. Ayer*, 101 U.S. 320, 326, 25 L. Ed. 955 [(1879)].

*Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962); *see also Jackson v. Chandler*, 463 F. App'x 511, 513 (6th Cir. 2012). Thus, any action and/or inaction by Ms. Teasley that may have contributed to Plaintiff's failure to respond to Defendants' discovery requests cannot be considered excusable neglect.

Plaintiff's incarceration and lack of access to a law library also do not constitute excusable neglect justifying relief from the judgment. Lack of access to a law library did not prevent either Plaintiff himself or Ms. Teasley from responding to Defendants' discovery requests or communicating with Defendants' counsel during the four months between the time he was served with the discovery in June 2014 and his incarceration in October 2014. Plaintiff simply never bothered to communicate with Defendants' counsel or the Court, even after Defendants' motion to compel discovery was filed in August 2014, two months prior to his incarceration.[4]

---

[4] As indicated, Plaintiff supposedly hired Ms. Teasley in April 2014, and he received the Defendants' discovery requests in June 2014. Plaintiff does not specifically state that he gave his attorney the discovery requests so that responses could be prepared or that he provided her with the motion to compel when it was filed in August 2014. Even if he did so, neither Plaintiff nor his counsel took any action whatsoever with regard to the outstanding discovery requests or the motion to compel.

5

Furthermore, even after he was incarcerated, lack of access to a law library did not prevent Plaintiff from contacting Defendants' counsel and the Court. The Magistrate Judge did not grant the Defendants' motion to compel until January 2, 2015. At any time prior to that ruling, and even within the two-week period he was given to comply with the Magistrate Judge's order, Plaintiff could have sought an extension of time and explained his situation without having to use a law library. Plaintiff also could have attempted to answer the discovery requests to the best of his ability, which would not have required a law library.[5] Again, after the Defendants filed their motion to dismiss, Plaintiff could have filed *something* to explain his circumstances. Instead, he made no attempt whatsoever to communicate with either Defendants' counsel or the Court until the filing of the present motion.

The Court finds that Plaintiff has not shown that his failure to provide discovery, respond to the Defendants' motions, and comply with the Magistrate Judge's order was the result of excusable neglect. Therefore, Plaintiff is not entitled to relief from the judgment, and his motion pursuant to Rule 60(b) is DENIED.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[5] Defendants' interrogatories and requests for production sought factual information and documents, not legal arguments or conclusions. (ECF No. 16-2 at 2-13.)